```
1  McGREGOR W. SCOTT
   United States Attorney
2  WILLIAM S. WONG
   Assistant U.S. Attorney
3  501 "I" Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2790
```



FILED
JAN 1 6 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IN RE MATERIAL WITNESS,  ) CR S-03-371 MCE
                         )
                         ) **UNITED STATES OF AMERICA'S MOTION**
                         ) **FOR MATERIAL WITNESS ARREST WARRANT**
                         )

The United States of America respectfully moves, pursuant to 18 U.S.C. § 3144, that the Court enter an Order commanding the United States Marshal or any law enforcement agent to arrest Ms. Danita fuller, and bring her forthwith before the United States District court for the Eastern District of California for the reason that Ms. Fuller is a necessary and material witness in a criminal trial that is currently underway in <u>United States v. Derek Maddox, et al.</u>, No. CR-S-03-0371 MCE, and whose presence is impracticable to secure by subpoena. This motion is based upon the attached affidavit of Federal Bureau of Investigation Special Agent Kenneth Tam.

Respectfully submitted,

McGREGOR W. SCOTT
United States Attorney

By: _/s/ William S. Wong_____
    WILLIAM S. WONG
    Assistant U.S. Attorney

DATED: January 16, 2007

1

## AFFIDAVIT

I, Kenneth Tam, being duly sworn, depose and state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), assigned to the Sacramento Field Office. I have been employed by the FBI for over four years. As part of my duties and responsibilities, I investigate certain federal crimes under Title 18 of the Unites States code, including the robbery of federally insured financial institutions, in violation of 18 U.S.C. Section 2113.

2. This affidavit is made in support of the issuance of a material witness arrest warrant against Danita Fuller, date of birth August 22, 1968, pursuant to 18 U.S.C. Section 3144, for the purpose of securing her material testimony in a federal criminal trial that is currently underway against two defendants in United States v. Derek Maddox, et al., CR-S-03-371 MCE. Count Eleven of the Fifth Superseding Indictment against the defendants stems from the September 3, 2003, armed robbery of the Financial Center Credit Union located at 206 East Yosemite Avenue, Manteca, California, in violation of 18 U.S.C. Section 2113 (a) and (d). Count Twelve of the same Indictment arises from the use and carrying of a firearm by defendants during and in relation to a crime of violence that may be prosecuted in a court of the United States, namely, the armed robbery charged in Count Eleven, in violation of 18 U.S.C. Section 924 (c)(1).

3. Section 3144 provides:

> If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title. No material witness may be detained because of inability to

1

comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.

4. The information contained in this affidavit was provided to me by other law enforcement agents.

5. Fuller previously provided information to a Manteca Police Department investigator that she was present inside the Financial Center Credit Union at the time of the robbery on September 3, 2003. Fuller reported to the interviewing officer that she observed a robber designated S-1 pointing a gun and ordering "everybody get down" inside the credit union. Fuller reported that S-1 ordered people inside the credit union to close their eyes and not look at him. Fuller heard a second suspect telling S-1, "If she wants to play games, shoot her." Fuller heard discussion on a walkie-talkie radio device. Fuller recalled a voice on the walkie-talkie stating, "All clear on the side." (emphasis added) and talk about someone coming toward the door. The voice on the walkie-talkie discussed catching the person coming to the door. Fuller heard the second voice say, "Don't nobody push any buttons, if the police show up, someone is going to die." Fuller provided a description of S-1 and S-1's silver-colored gun.

6. Fuller's information takes on great significance because it corroborates a statement from a cooperating witness, who also reports that one robber advised the other robbers via radio that it was "clear" during the robbery.

7. Fuller had previously testified in a trial starting in January 2006 of two other defendants charged with the same armed robbery

1  on September 3, 2003 of the Financial Center Credit Union located at 206
2  East Yosemite Avenue, Manteca, California. Prior to her testimony at the
3  January 2006 trial, Fuller had told me she would not accept service of a
4  subpoena. To secure Fuller's testimony, the writer had to arrest Fuller
5  pursuant to a material arrest warrant.
6       8. The federal criminal trial that is currently underway
7  against two defendants in United States v. Derek Maddox, et al., CR-S-03-
8  371 MCE, had been scheduled to start in October 2006. In anticipation of
9  the October 2006 scheduled start, Fuller was served with a trial subpoena
10 by Special Agent (SA) David Sesma of the FBI at her home residence 2422
11 White Drive, Fairfield, California, on September 6, 2006. In the last
12 week of November 2006, SA Sesma contacted Carmelita Etheridge at 2422
13 White Drive, Fairfield, California. Etheridge was not very cooperative
14 with SA Sesma, and SA Sesma was not able to serve Fuller with a trial
15 subpoena to testify in the trial currently underway.
16      9. In the first week of December 2006, I called Fuller's
17 home telephone number. Carmelia Etheridge answered the phone and advised
18 me that Fuller may be moving out to Arizona, but Etheridge does not
19 believe Fuller has moved out yet. Etheridge told me that she would
20 contact Fuller and tell Fuller that a material witness warrant would be
21 issued for Fuller unless Fuller contacts me in regards to testifying in
22 the trial currently underway. To date I have not heard from Fuller.
23      10. On January 3, 2007, SA Andrew Braun, FBI, Phoenix,
24 Arizona, contacted Tanya Magadan at 1312 West Rosewood Court, Chandler,
25 Arizona. Magadan identified herself as Fuller's sister. SA Braun told
26 Magadan that a subpoena had been issued for Fuller to testify in a trial
27 starting January 10, 2007. Magadan told SA Braun that she would contact
28 Fuller and tell Fuller about the subpoena, and that if Fuller does not

3

1  respond to myself or SA Braun that a material witness warrant would be
2  issued for Fuller's arrest. Magadan advised SA Braun that Fuller is
3  probably living in California.
4        11.  Based on the foregoing facts, there is probable cause to
5  believe that Fuller is a material witness in a criminal proceeding, whose
6  testimony in the criminal proceeding is impracticable to secure by
7  subpoena. Therefore, I respectfully request that this Court order the
8  immediate arrest of Fuller to secure her appearance and testimony at the
9  trial currently underway.

_____
Kennneth Tam
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this 16th day of Jan, 2007.

_____
U.S. District Judge
MORRISON C. ENGLAND, JR.

4