1

2

3

4

5

6

7

8

9                          UNITED STATES DISTRICT COURT

10                   FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12   UNITED STATES OF AMERICA,                 No.  2:03-cr-00371-JAM-EFB

13            Plaintiff,

14        vs.                                   FINDINGS AND RECOMMENDATIONS

15   DEREK LADONTE MADDOX,

16            Defendant.

17

18        Defendant Derek Ladonte Maddox is a represented federal prisoner proceeding with a

19   motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(a).  ECF No. 1288.  The

20   United States opposes the motion.  ECF No. 1295.  Defendant previously moved for a reduction

21   of sentence pursuant to section 3582 (ECF No. 1274), which the district court denied.  ECF No.

22   1282.  Defendant moves once more to reduce his sentence, based on recent amendments to the

23   sentencing guidelines.  U.S.S.G. § 1.13.  According to defendant, the expanded scope of the

24   "extraordinary and compelling reasons" standard adopted by the Sentencing Commission, and

25   new evidence regarding defendant's conduct in prison, supports a reduction of defendant's

26   sentence.  The government counters that defendant has not met his burden of showing he is

27   eligible for relief and that he remains a danger to the public.  For the reasons set forth below, it is

28   recommended that the motion be GRANTED.

                                              1

1      I.     **Procedural Background**

2          After defendant and other men robbed the Financial Center Credit Union in Manteca,

3     defendant was charged with armed credit union robbery and use of a firearm.  ECF No. 260.

4     Defendant was convicted on both counts.  ECF No. 578.

5          The Presentence Report (PSR) for defendant recommended a sentence of 115 months on

6     the robbery count and 84 months on the firearm count.  ECF No. 1274-1 at 11.  The PSR found

7     defendant's criminal history level to be IV; the sentencing court departed from that

8     recommendation and, significantly here, sentenced defendant as a level VI career offender.  *Id.* at

9     25.  The sentencing court also found the appropriate offense level to be 32, as opposed to the

10    level of 26 recommended by the PSR.  *Id.* at 29.  As a level VI career offender with an offense

11    level of 32, defendant was subject to an advisory range of 210 to 262 months for the robbery

12    count.  *Id.*  Ultimately, defendant was sentenced to 262 months imprisonment on the robbery

13    count and 84 months on the firearm count, to be served consecutively, for a total of 346 months

14    imprisonment, followed by a 60-month term of supervised release, a $200 special assessment, and

15    $117,559 in restitution.  *Id.* at 29-30; ECF Nos. 673, 675.

16         Defendant is currently incarcerated at FCI-Marianna, and his projected release date is July

17    10, 2034.  ECF No. 1296.  On the date of the filing of this motion, defendant had served

18    approximately 237 months of his sentence.  ECF No. 1295 at 3.  Defendant seeks a reduction in

19    sentence pursuant to 18 U.S.C. § 3582(c)(1)(a)(i) based on a change in the law affecting whether

20    his history and offense conduct would allow him to be characterize today as career offender.

21     II.    **Legal Standard**

22         A court may generally "not modify a term of imprisonment once it has been imposed."  18

23    U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 82425 (2010); *United States v.*

24    *Rodriguez*, 921 F.3d 1149, 1153 (9th Cir 2019).  However, the First Step Act (FSA), passed in

25    2018, modified 18 U.S.C. § 3582 to grant federal courts authority to reduce a sentence for

26    "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Chen*, 48

27    F.4th 1092, 1095 (9th Cir 2022).  To pursue a motion under this provision a defendant must first

28    exhaust administrative remedies by filing a request for release with the Bureau of Prisons (BOP).

1   *Id.* Should the request be denied, defendant must either administratively appeal an adverse result

2   or wait for thirty days to pass before filing in district court. *Id.* In bringing a motion under this

3   section, the defendant bears the burden of establishing that he or she is eligible for compassionate

4   release. *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

5        When, as here, a defendant seeks compassionate release pursuant to section

6   3582(c)(1)(A)(i), a district court:

7        may reduce his term of imprisonment if four conditions are met: (1) the defendant
         exhausted administrative remedies; (2) "extraordinary and compelling reasons"
8        warrant a sentence reduction; (3) a sentence reduction is "consistent with
         applicable policy statements issued by the U.S. Sentencing Commission; and (4)
9        the district court considered the factors set forth in 18 U.S.C. § 3553(a).

10  *Chen*, 48 F.4th at 1094-95.

11       There are six categories of "extraordinary and compelling" reasons provided under

12  U.S.S.G. § 1B1.13 (as amended November 1, 2023) applicable to compassionate release motions

13  filed by defendants. Defendant relies on U.S.S.G. § 1B1.13(b)(6), which provides:

14       If a defendant received an unusually long sentence and has served at least 10 years
         of the term of imprisonment, a change in the law (other than an amendment to the
15       Guidelines Manual that has not been made retroactive) may be considered in
         determining whether the defendant presents an extraordinary and compelling
16       reason, but only where such change would produce a gross disparity between the
         sentence being served and the sentence likely to be imposed at the time the motion
17       is filed, and after full consideration of the defendant's individualized
         circumstances.
18

19  U.S.S.G. § 1B1.13(b)(6). In addition, before granting a motion for compassionate release, the

20  district court must find that "the defendant is not a danger to the safety of any other person or to

21  the community as provided in 18 U.S.C. § 3142(g)." U.S. Sent'g Guidelines Manual §

22  1B1.13(a)(2). Finally, the district court must consider the factors set forth in section 3553(a) "to

23  the extent they are applicable". 18 U.S.C. § 3582(c)(1)(a).

24  **III.    Analysis**

25       Defendant maintains that he has met the requirements of 18 U.S.C. § 3582(c)(1)(a)(i), and

26  thus that he is entitled to a reduction in sentence. The government argues that defendant has not

27  met his burden of establishing that he is eligible for a sentence reduction, and that he should not

28  be released because he remains a danger to the public. The court will consider each factor in turn.

1

#### A. Exhaustion of Remedies

2      The parties do not dispute that defendant has exhausted his administrative remedies, as

3  required by section 3582(c)(1)(A)(i).  Thus, his motion is properly before the court.

4

#### B. Extraordinary and Compelling Reason for Sentence Reduction

5      Defendant argues that the length of his sentence – particularly the alleged disparity

6  between his sentence and the sentence that would be imposed on a similar defendant today –

7  constitutes an extraordinary and compelling circumstance that should be sufficient to reduce his

8  sentence.  In so arguing, defendant relies on U.S.S.G. § 1B1.13(b)(6), which permits

9  consideration of an unusually long sentence when analyzing whether a reduction in sentence is

10  appropriate.

11      Here, defendant was convicted of one count of armed robbery of a credit union and one

12  count of use of a firearm in violation of 18 U.S.C. §§ 2113(a), (d), and 924(c).  As discussed

13  *supra*, the PSR found defendant's criminal history category to be IV and his offense level to be

14  26, with the sentencing range for the robbery to be between 92 and 115 months.  The sentencing

15  judge, however, departed upward from the U.S.S.G. guideline on the robbery count,

16  characterizing defendant as a career offender.  The court used a criminal history category of VI

17  and a total offense level of 32, to give defendant a range of 210-262 months on the robbery count.

18  This was largely based on defendant's criminal history, which consisted of five prior state

19  convictions for bank robbery.  Although he was tried as an adult, defendant was 16 years old at

20  the time of those crimes; the sentencing judge declared his age "irrelevant."  ECF No. 1288-1 at

21  12-15, 23-29.  In explaining the decision to characterize defendant as a Level VI career offender,

22  the sentencing court also referred to defendant's state conviction for assault with a firearm and

23  federal convictions in the District of Minnesota for "violent" bank robberies.  *Id.* at 24-25.[1]

24      Defendant maintains that under current precedent, the California robberies are "not

25  categorically a crime of violence for the Guideline's career offender purposes."  ECF No. 1288 at

26  10.  In support, defendant relies on *United States v. Bankston*, 901 F.3d 1100, 1104 (9th Cir.

27      [1] Defendant was sentenced to 70 months for his Minnesota crimes.  ECF No. 1274-1 at 16.
The sentencing judge in the instant matter ordered defendant's California sentence to be served
28  consecutively to the sentence imposed by the Central District of Minnesota.  *Id.* at 29.

2018), where the Ninth Circuit found that "California robbery is . . . no longer a categorical match to a combination of Guidelines-defined extortion and generic federal robbery."  Defendant maintains that, as a result, his sentence was significantly higher than it would have been today and should be reduced to time-served.  ECF No. 1288 at 10.  The government acknowledges that defendant's state robbery convictions would no longer be considered crimes of violence for federal sentencing purposes, and thus that defendant would not have been sentenced as a career offender if he were sentenced today.  ECF No. 1295 at 5.  As of the time of filing, the government calculated defendant's time-served as 237 months; thus, defendant has served well over ten years of his sentence.  ECF No. 1295 at 3.

*Bankston* alone, however, does not mandate re-sentencing.  Indeed, the *Bankston* court found that because "[b]ecause Bankston was sentenced before August 1, 2016, the pre-amendment generic extortion definition applies, and the fact that California robbery is no longer a 'crime of violence' is not here applicable."  901 F.3d at 1105.  Nonetheless, district courts may "consider non-retroactive changes in sentencing law as an extraordinary and compelling reason under § 3582(c)(1)(A)" because "Congress itself has left that possibility open."  *Chen*, 48 F.4th at 1101.

While U.S.S.G. § 1B1.13 was only recently amended on November 1, 2023, at least one district court in the Ninth Circuit has found that a defendant who would no longer be considered a career offender, but who was sentenced as a career offender, had established that she had an unusually long sentence amounting to an extraordinary and compelling reason for reduction of sentence under U.S.S.G. § 1B1.13 (b)(6).  *United States v. Nava*, 2023 WL 8281596, at *3 (D. Mont., Nov. 30, 2023).  In *Nava*, the defendant's sentence with a career offender designation was 262 months, while her sentence without that designation would have been 140 to 175 months, and possibly 120 to 150 months.  *Id.*  Because defendant Nava's sentence of 262 months was "grossly disparate from the sentence she would likely receive today", the court held that she had "shown an extraordinary and compelling reason for reduction."  *Id.*

////

////

5

1    The same is true here.  Defendant's PSR stated a range between 92-115 months for the

2    robbery count, and defendant was ultimately sentenced to 262 months for that count, well more

3    than twice the amount of the upper end of the guideline range.  As explained by the sentencing

4    judge, the premise for rejecting that lower range and imposing a sentence of 262 months was the

5    court' treatment of defendant as a career offender, a designation that would not be applicable if

6    defendant were to be sentenced today.  As such, defendant has demonstrated "a gross disparity

7    between the sentence being served and the sentence likely to be imposed [today]", and thus he has

8    demonstrated an "extraordinary and compelling" justification for release based on his "unusually

9    long sentence."   U.S.S.G. § 1B1.13(b)(6).

10    The government counters that despite these definitional changes and the "ever-shifting

11    nuances of the categorical approach," the Ninth Circuit's treatment of Penal Code § 211 under the

12    Sentencing Guidelines does not alter the fact that this defendant terrorized bank employees and

13    put them in fear for their lives.  ECF No. 1278 at 6-7.  The government reemphasizes the impact

14    to the victims, the fact that defendant committed two more armed bank robberies in Minnesota

15    before his arrest on the California robbery.  The government also argues that the offense conduct

16    and defendant's disciplinary record in prison, and the lack of any expression of remorse in his

17    instant motion show that even with the change in the law a reduction is not warranted here.

18                                **C.  Policy Statements of the U.S. Sentencing Commission**

19    The parties do not dispute that the applicable policy statement with respect to

20    compassionate release motions is U.S.S.G. § 1B1.13, which sets out the criteria describing

21    "extraordinary and compelling reasons."  *See also United States v. Crisp*, 2021 WL 3663534, * 3

22    (E.D. Cal, Aug. 18, 2021) (confirming U.S.S.G. § 1B1.13(b)(6) as the applicable policy

23    statement); *United States v. Gonzalez*, 451 F. Supp. 3d 1194 (E.D. Wash. 2020) (same).  As

24    discussed *supra*, defendant relies on U.S.S.G. § 1B1.13(b)(6), which details the factors regarding

25    when an unusually long sentence may be considered an extraordinary and compelling reason

26    permitting a sentence reduction.

27    ////

28    ////

1          **D.  Section 3553(a) Factors**

2          Even though defendant has demonstrated an extraordinary and compelling reason to

3    reduce his sentence, the court must still consider the federal sentencing objectives set forth in 18

4    U.S.C. § 3553(a).  These factors include:

5              (1) the nature and circumstances of the offense and the history and characteristics
               of the defendant;
6
               (2) the need for the sentence imposed –
7
                   (A) to reflect the seriousness of the offense, to promote respect for the law,
8                  and to provide just punishment for the offense;

9                  (B) to afford adequate deterrence to criminal conduct;

10                 (C) to protect the public from further crimes of the defendant; and

11                 (D) to provide the defendant with needed educational or vocational
                   training, medical care, or other corrective treatment in the most effective
12                 manner;

13             (3) the kinds of sentences available;

14             (4) the kinds of sentence and the sentencing range established . . .

15             (5) any pertinent policy statement . . .

16             (6) the need to avoid unwarranted sentence disparities among defendants with
               similar records who have been found guilty of similar conduct; and
17
               (7) the need to provide restitution to any victims of the offense.
18

19   18 U.S.C.A. § 3553.

20         Defendant maintains that his time-served sentence provides just punishment for his

21   offense, deters him from further crime, and protects the public from further offense.  Specifically,

22   defendant argues that he is now close to 50, and as such is much less likely to recidivate.  ECF

23   No. 1288 at 10, citing U.S. Sentencing Commission, *Recidivism of Federal Offenders Released in*

24   *2010*, p. 24 (Sept. 2021) (finding that recidivism rates "steadily decreased with increased age.")

25   In addition, "the Sentencing Commission has found that incarceration rates of more than 120

26   months have a deterrent effect, Sentencing Commission, *Length of Incarceration and recidivism*,

27   at 4 (Apr. 2020)."  *Nava*, 2023 WL 8281596, * 4.  Defendant also contends that his lengthy time-

28   served sentence – which is, as discussed *supra*, significantly longer than any sentence he would

                                                     7

1    face today for the same crimes – reflects the seriousness of his offenses and provides just

2    punishment.  18 U.S.C.A. § 3553(2).

3         Defendant also argues that his plans for release indicate that his sentence has been

4    sufficient to protect the public from further crime.  *Id.*  Defendant has provided a declaration

5    where he acknowledges the gravity of his past crimes, states his belief that he has been

6    rehabilitated and will not turn to a life of crime if released, cites his determination to make

7    amends to his family, particularly his daughter, and avers that, if released, he intends to dedicate

8    his life "to becoming a responsible and productive member of society."  ECF No. 1288-6,

9    Declaration of Derek Maddox (Maddox Decl.) at ¶¶ 1-3.  Defendant also states that he intends to

10   return to work as a licensed home improvement contractor and that he has kept current on the

11   field while incarcerated through subscriptions to trade magazines.  *Id.* at ¶ 4.  Finally, defendant

12   maintains that, upon release, he will live with his partner and daughter in Georgia, where he also

13   has an offer of employment.  *Id.* at ¶ 6.  Defendant's partner confirms that he will live with her in

14   her home, that she has a steady income, and that he will have employment in the home building

15   industry.  ECF No. 1288-4 at 2, Letter of Nikole Mccoy-Maddox.  Defendant has also filed letters

16   of support from his mother, daughter, and son.  ECF No. 1288-4 at 3-5.

17        The government counters that the section 3553 factors do not support a reduction in

18   sentence because defendant remains a danger to the public, he has not demonstrated remorse, and

19   his crimes of conviction terrorized the employees of the bank.  In terms of defendant's alleged

20   danger to the public if released, the government points to his Minnesota bank robbery, which took

21   place after his crimes at issue here, and his disciplinary record in prison.  Defendant was

22   separately convicted and sentenced for the Minnesota robbery.  But the Minnesota case was a

23   factor in defendant's guideline calculations for this matter, accounting for four of his nine

24   criminal history points.[2]  PSR ¶¶ 38, 41.  Thus, because the Minnesota robbery was accounted for

25   in defendant's PSR recommendation of between 92 and 115 months for the robbery count, the

26   government is unable to demonstrate that it should be used to justify defendant serving the

27

28        ───────────────
             [2] Defendant does not dispute his PSR criminal history score of nine points.

1    remainder of his lengthy sentence which was the result of treating the defendant as a career

2    offender, which would not be the case if he were sentenced at the time of filing this motion.

3    Notably, because defendant had already served 255 months (as of the date of these findings and

4    recommendations) for crimes that have a high-end guideline range of 199 months (115 for the

5    robbery and 84 for the firearm charge), defendant has served substantially more time than he

6    would have if he were sentenced today.

7         The government also points to defendant's disciplinary history in prison as a compelling

8    reason for him to serve out the remainder of his sentence.  It is undisputed that defendant has

9    sustained numerous disciplinary sanctions while incarcerated, including destruction of property,

10   disruptive conduct, engaging in a sex act, possession of a weapon, insolence, and fighting with

11   another inmate.  ECF No. 1288-2 at 1-4.  Defendant's disciplinary record has resulted in the loss

12   of 284 days good conduct time and, according to the government, is significant evidence that

13   defendant has not been rehabilitated and thus is not a good candidate for release.

14        Defendant's numerous disciplinary incidents in prison should not be unduly minimized.

15   Yet, defendant has not had an incident involving violence since 2016.  ECF No. 1288-2 at 1.

16   During that incident, defendant brandished a broomstick in the shower, claiming he did so to

17   defend himself.  *Id.*  His most recent disciplinary incident in 2020 involved property damage of

18   less than $100 from sitting on a pillow.  *Id.*  Moreover, defendant has proffered letters of support

19   from three BOP staff members who have had substantial direct interaction with him.  ECF No.

20   1288-7.  These officers state that their interactions with defendant have been positive and that he

21   is well-behaved, respectful, and responsive to requests from staff.  *Id.* Senior Officer Specialist V.

22   Cruz, who has overseen defendant in general population since 2017, states that he has had many

23   encounters with defendant, all without incident, and that defendant has exhibited good behavior

24   within his housing unit and at his work assignments.  *Id.* at 5.

25        While rehabilitation alone is not grounds for a sentence reduction, "rehabilitation of the

26   defendant while serving the sentence may be considered in combination with other circumstances

27   in determining whether and to what extent a reduction in the defendant's term of imprisonment is

28   warranted."  U.S.S.G. § 1B1.13(d).  Here, defendant has participated in multiple educational and

9

1   training programs while incarcerated, including drug abuse education programs, parenting

2   classes, computer and typing courses, job training, and GED courses. ECF No. 1288-3. In

3   preparation for employability upon his release, defendant has passed a commercial driving

4   course, and earned a Contractor/Construction Management Diploma with Highest Honors. *Id.* at

5   18, 32. As such, the sentence imposed on defendant has already "provide[d] the defendant with

6   needed educational or vocational training" consistent with section 2553(a)(2). In addition,

7   defendant's efforts in prison, along with the statements of BOP staff, strongly suggest defendant

8   is committed to rehabilitation. Finally, despite the assertions of the government, defendant has

9   expressed remorse for his crimes and states his determination to make amends. ECF No. 1288-6.

10          The government also argues that the violent nature of defendant's crimes, and the terror

11   they caused in his victims, suggest that he remains a significant threat to the public, and cut

12   against any reduction in defendant's sentence. Defendant's PSR details that the bank employees

13   feared for their lives during the robbery. PSR ¶ 3. It also describes the violent nature of

14   defendant's Minnesota crimes, included the use of semi-automatic handguns, the binding of

15   employees and customers with zip ties, and the fact that defendant struck a bank employee in the

16   head with the butt of his gun. *Id.* at 39-40.

17          It is undisputed that defendant's crimes of conviction and the Minnesota crimes were

18   serious and violent and nothing in that regard has changed. Yet, if the defendant were sentenced

19   today based on those same facts, including the same impact to the victims, he would not be

20   treated as a career offender and would receive a sentence within a range well below what he has

21   now served. As defendant points out, he has already served a sentence *longer* than the upper

22   range of the applicable sentencing guidelines. As such, reducing defendant's sentence to time

23   served reflects the need "to avoid unwarranted sentence disparities among defendants with similar

24   records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Furthermore,

25   because defendant has already served more than 255 months, his time served has reflected the

26   seriousness of and provided just punishment for the offenses of conviction. 18 U.S.C.

27   3553(a)(2)(A). Finally, the time defendant has already served, his age, and his plans for

28   employment and supportive housing upon release, lower his risk of recidivism and the chance that

1  he is danger to the community upon release.  U.S. Sent'g Guidelines Manual § 1B1.13(a)(2).

2  **E.  Conclusion**

3  In sum, defendant has demonstrated a change in the law that produces a gross disparity

4  between the sentence being served and the sentence likely to be imposed if he were being

5  sentenced at the time he filed this motion.  That change constitutes an "extraordinary and

6  compelling reason" for a sentence reduction; and further, consideration of the federal sentencing

7  objectives set forth in 18 U.S.C. § 3553(a) favor a reduction in his sentence.  Defendant would

8  not have received his current sentence if sentenced today, even considering his criminal history.

9  At this point, defendant has served substantially more than the high-end guidelines sentence he

10  would have received without a career offender designation.  After review of the record and

11  weighing of the section 3553(a) factors, and after consideration of the sentencing disparity,

12  defendant's criminal history, and evidence of rehabilitation, IT IS HEREBY RECOMMENDED

13  that defendant's motion pursuant to 18 U.S.C. § 3582(c)(1)(a) (ECF No. 1288) be GRANTED,

14  and defendant's sentence be REDUCED to time-served.

15  These findings and recommendations are submitted to the United States District Judge

16  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

17  after being served with these findings and recommendations, any party may file written

18  objections with the court and serve a copy on all parties.  Such a document should be captioned

19  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

20  shall be served and filed within fourteen days after service of the objections.  Failure to file

21  objections within the specified time may waive the right to appeal the District Court's order.

22  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

23  1991).  In his objections petitioner may address whether a certificate of appealability should issue

24  in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section

25  2255 Cases (the district court must issue or deny a certificate of appealability when it enters a

26  final order adverse to the applicant).

27  Dated: August 12, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

28

11